UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISON

WILBERT STEWART                    CIVILACTIONNO.17-CV-1260

VERSUS                             JUDGE JUNEAU

MONCLA MARINE
OPERATIONS LLC, ET AL        MAG. JUDGE WHITEHURST

## MEMORANDUM ORDER

Pending before the Court is a Motion for Contempt [Rec. doc. 62] filed by

Plaintiff, Wilbert Stewart. Plaintiff seeks an Order from this Court commanding

Pelican State Outpatient Center ("Pelican") to show cause as to why it should not be

held in contempt for failure to comply with a subpoena duces tecum and why it

should not be assessed attorney's fees and costs associated with the filing of

Plaintiff's motion.

Plaintiff's motion sets forth that he issued a Subpoena Duces Tecum to Pelican

on December 17, 2018 commanding it to produce complete copies of his own

medical records. Plaintiff contends that Pelican refuses to comply with the subpoena

without pre-payment of the copying charge.  Plaintiff asserts that "there is no

provision for a person to charge money to respond to a federal subpoena."

Rule 45(d)(1) of the Federal Rules of Civil Procedure states:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.

Pelican did not object to the subpoena as unduly burdensome nor has it filed a motion to quash the subpoena as unduly burdensome. Pelican seeks only to be paid for its efforts in complying with the subpoena.

Louisiana Medical Records Statute, La. R.S. 40:1165.1, provides for compensation for a "reasonable copying charge" for health care providers who produce copies of medical records in lawsuits. The statute states that "copies shall be provided upon payment of a reasonable copying charge, not to exceed one dollar per page for the first twenty-five pages, fifty cents per page for twenty-six to three hundred fifty pages, and twenty-five cents per page thereafter, a handling charge not to exceed twenty-five dollars for hospitals, nursing homes, and other health care providers, and actual postage." The exhibits to Plaintiff's motion evidence that the charges for which Pelican seeks compensation for the copying costs of Plaintiff's medical records are reasonable and are consistent with that which is authorized under the law.[1]

---

[1] Other courts in this district have previously found similar charges were reasonable compensation for a non-party's compliance with a subpoena. *See Gotreaux v. Apache Corporation,* 2015 WL 3910245 (W.D. La. 2015); *see also Broussard v. Lemons,* 186 F.R.D. 396 (W.D. La. 1999).

Should Pelican refuse to comply with the subpoena after payment of the invoiced fee, Plaintiff may reurge his motion.

Accordingly, Plaintiff's Motion for Contempt is DENIED.

THUS DONE AND SIGNED this 19th day of August, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE