UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISON

| | |
|---|---|
| WILBERT STEWART | CIVIL ACTION NO. 17-CV-1260 |
| VERSUS | JUDGE JUNEAU |
| MONCLA MARINE OPERATIONS LLC, ET AL | MAG. JUDGE WHITEHURST |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion to Reconsider [Rec. Doc. 65] this Court's Memorandum Order [Rec. Doc. 64] denying Plaintiff's Motion for Contempt. [Rec. Doc. 62] For the following reasons, Plaintiff's motion is DENIED.

Plaintiff's motion seeks to relitigate the issue regarding the payment of fees for medical records subpoenaed by his attorney from Pelican State Outpatient Center. In his motion, Plaintiff cites the Court to the Federal Hi-Tech Act, 45 C.F.R. § 164.524, and asserts that the maximum amount that he can be charged is $6.50, inclusive of all labor, supplies and applicable postage.[1] Plaintiff does not cite any authority for this maximum amount, nor does he indicate how he arrived at this calculation.[2]

---

[1] Notably, the Hi-Tech Act cited by Plaintiff is a federal regulation (not a federal statute) published by the U.S. Department of Health and Human Services to achieve the purpose of HIPPA in protecting individual's privacy with regard to their medical records.

[2] Plaintiff may be referencing information from the U.S. Department of Health and Human Services' website which gives providers the option of charging individuals a flat fee of $6.50 for electronic copies of their medical records

1

The regulation relied on by Plaintiff specifies:

> If the *individual* requests a copy of the protected health information or agrees to a summary or explanation of such information, the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of: (i) Labor for copying the protected health information requested by the *individual*, whether in paper or electronic form; (ii) Supplies for creating the paper copy or electronic media if the *individual* requests that the electronic copy be provided on portable media; (iii) Postage, when the *individual* has requested the copy, or the summary or explanation, be mailed; and (iv) Preparing an explanation or summary of the protected health information, if agreed to by the *individual* as required by paragraph (c)(2)(iii) of this section.

45 C.F.R. § 164.524 (c)(4)(emphasis added). The definition of "individual" as used in the regulation does not encompass designated agents, such as personal attorneys. *Webb v. Smart Documents Sols, LLC,* 499 F.3d 1078 (9th Cir. 2007). "The regulations restrict the fee limitations to requests made by the individual and concretely define "individual" in a way that excludes others acting on that individual's behalf." *Id.* at 1084. Thus, in order for the regulation's fee restrictions to apply, the individual, or an individual's personal representative – not merely the individual's attorney – must directly request the protected health information. *Bocage v. Acton Corporation, et al.,* 2018 WL 905351 (N.D. Ala. Feb. 15, 2018) citing *Individual's Rights under HIPPA to Access Their Health Information 45 CFR § 164.524,* U.S. Dep't of Health and Human Services (Feb. 25, 2016), available at

---

which are maintained electronically, rather than going through the process of calculating actual or average allowable costs. *See* https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html

https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html. *Id.* at 5-6; *See also Rios v. Partners in Primary Care, P.A.*, 2019 WL 668509 (W.D. Tex. Feb. 2, 2019)(agreeing with the *Bocage* Court's interpretation of the regulation, but distinguishing that case from case where attorney, acting on behalf of client/patient, forwarded a records request signed by patient rather than merely submitting client's HIPAA-Compliant PHI Release Form with attorney's request for records). Because the medical records at issue were subpoenaed from the provider by Plaintiff's attorney, the provider is not restricted by the provisions of 45 CFR 164.524 (c)(4) and may charge a reasonable copying charge and handling charge in accordance with Federal Rule of Civil Procedure 45(d)(1) and La. R.S. 40:1165.1.

Accordingly, Plaintiff's Motion to Reconsider [Rec. Doc. 65] is DENIED.

THUS DONE AND SIGNED this 28th day of August, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE