UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILBERT STEWART**                                **CASE NO. 6:17-CV-01260**

**VERSUS**                                         **JUDGE ROBERT R. SUMMERHAYS**

**MONCLA MARINE OPERATIONS LLC ET AL**             **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Updated Expert Reports (Rec. Doc. 176). Plaintiff opposed the Motion (Rec. Doc. 178), and Defendants replied (Rec. Doc. 183).

This case, arising out of offshore accident, is over five years old. Trial has been continued and re-set multiple times. Most recently, a bench trial was set for September 5, 2023. (Rec. Doc. 170). The deadline for Plaintiff's expert disclosures expired on December 31, 2021. (Rec. Doc. 117. See also Rec. Doc. 123 thereafter instructing that all deadlines preceding the deadline for filing motions in limine were not to be re-set.) Nevertheless, in March 2023, nearly sixteen months after the deadline, Plaintiff submitted updated expert reports from his life care planner, Aaron Wolfson, his economist, John Theriot, and his safety expert, Robert Borison. (Rec.

176-2). Defendants now move to dismiss Plaintiff's updated expert reports as untimely.

F.R.C.P. Rule 26(a)(2)(D) provides that a party must disclose the identities of testifying expert witnesses and their written reports at the times and in the sequence that the court orders. If a party fails to provide information required by Rule 26(a) he is not allowed to use that information at trial unless the failure was "substantially justified" or is "harmless." F.R.C.P. Rule 37(c)(1). "The Fifth Circuit has provided four factors to analyze when determining whether a Rule 26 violation is substantially justified or harmless: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Logan v. Westfield Ins. Co.,* No. CV 17-29, 2020 WL 7007945, at *5 (W.D. La. Jan. 24, 2020), quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Also applicable is Rule 26(e)(2), which permits supplementation of an expert report, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Under Rule 26(a)(3), "[w]hen the Scheduling Order is silent, supplemental reports are generally due 30-days pretrial." *Aikens v. Cent. Oregon Truck Co., Inc.,* No. 4:20-CV-00567, 2021 WL 4312712, at *3 (E.D. Tex. Sept. 22, 2021). The scheduling order in this case does not provide a deadline for supplemental reports.

The Court must determine the nature of Plaintiff's newly submitted expert reports:

> As a threshold issue, the Court must determine if Plaintiff's disclosures were supplemental or instead contain completely new information. If the disclosures were supplemental, then Rule 26's supplemental procedures will determine whether the disclosures are timely. If the disclosures were new, then they are governed by the discovery deadline in the Scheduling Order.

*Id.*, 21 WL 4312712, at *2.

As one court noted, "[C]ourts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures." *Lampe Berger USA, Inc. v. Scentier, Inc.*, No. CIV.A. 04-354-C-M2, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (listing cases). Likewise, "Courts have similarly made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports." *Id.* at fn. 3 (listing cases).

In his attempt to show "substantial justification and harmlessness" for his late-submitted expert reports, Plaintiff argues that his liability expert, Mr. Borison, reviewed information, including Defendants' liability expert report and Plaintiff's deposition testimony, that was not available until after the deadline, and that, regardless, his opinion ultimately did not change. Mr. Borison's supplemental report includes a new rebuttal section in response to Defendant's expert. The Court finds Mr. Borison's updated report is not truly supplemental. Rather the updated report includes new information and analysis based on Defendants' expert report, which

3

Plaintiff deems a rebuttal. Likewise, the fact that Plaintiff was not deposed until after expiration of the expert deadlines is immaterial where the deposition was completed prior to the discovery deadline.[1] Regarding the potential prejudice factor, Defendants should not be required to address a new report after this case has been pending for over five years and trial is at last imminent. Though Plaintiff argues Mr. Borison's ultimate opinion did not change, the Court agrees that his analysis created a new, rather than supplemental, report based on new substantive information. Thus, the Court agrees Mr. Borison's March 30, 2023 updated report should be stricken as untimely.

Regarding Plaintiff's updated life care plan and economist reports, Plaintiff argues that ongoing medical treatment and concomitant expenses and lost wages justify the updated reports. Review of the updated reports confirms that these experts' opinions are true supplements reflecting updates based on Plaintiff's current medical care. See *Logan v. Westfield Ins. Co.,* No. CV 17-29, 2020 WL 7007945, at *8 (W.D. La. Jan. 24, 2020) (post-deadline expert supplemental reports allowed insofar as they addressed the known neck injury). Therefore, the Court finds that these supplemental reports should be allowed, as permitted by Rule 26(e). The Court notes that Rule 26(e) likewise permits Defendants to similarly supplement such

---

[1] The discovery deadline expired on March 18, 2022. (Rec. Doc. 117). Plaintiff submits he was deposed on March 3, 2022.

expert reports based on updated medical evidence at least thirty (30) days before trial.

ACCORDINGLY,

IT IS ORDERED that Defendants' Motion to Strike Plaintiff's Updated Expert Reports (Rec. Doc. 178) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent it seeks to strike Robert Borison's supplemental report of March 30, 2023. The motion is denied in all other respects. Defendants may submit supplemental reports as authorized by Rule 26(e).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of May, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE